IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK C. MECUM, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 4:04cv260 |
| | § | |
| HOST MARRIOT CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

On this day came on for consideration Defendants' Motion for Leave to Designate Responsible Third Parties [Doc. No. 108]. Having considered the motion, Plaintiffs' response and Defendants' reply, the Court is of the opinion the motion should be Denied.

**Background**

This case arises from alleged injuries suffered by Plaintiff Mark M. Mecum while swimming with his son, Mitchell, at the Calgary Marriott Hotel on March 23, 2003. Plaintiffs allege that while Mr. Mecum was swimming near the bottom of the pool, which was four feet in depth, he was "sucked" onto the pool drain and grate. Plaintiffs also allege that the force of the pool's suction was so great that Mr. Mecum was not able to free himself, and his fourteen-year-old son Mitchell was unable to free Mr. Mecum. Further, Plaintiffs allege that in response to Mitchell's cries for help, a pool maintenance man attempted to assist Mitchell in freeing his father, but the two of them were also unable to free Mr. Mecum. Finally, Plaintiffs allege that the maintenance man radioed for help and three additional grown men arrived. All together, the men and Mitchell were able to free Mr. Mecum, and Mr. Mecum's back was fractured in the process.

Plaintiffs contend that Mr. Mecum was trapped under water for between five and eight minutes without air. Plaintiffs seek actual and exemplary damages.

Plaintiffs Mark C. Mecum and Lori L. Mecum, individually and on behalf of Mitchell C. Mecum, originally filed their lawsuit on June 7, 2004 in the 416th Judicial District Court of Collin County, Texas. Defendants removed the action to this Court on July 20, 2004. Plaintiffs filed their Second Amended Complaint on February 9, 2005, adding Rachel Mecum, Mark and Lori Mecum's daughter, as a plaintiff and dropping Jacuzzi, Inc. as a defendant. On February 22, 2005, HMC Charlotte LP, HMC Charlotte (Calgary) Company, Calgary Charlotte Holdings Company, Calgary Charlotte Partnership, HMC Grace (Calgary) Company, Marriott Hotels of Canada Ltd., Host Marriott Corporation, Marriott International, Inc., and Marriott International Hotels, Inc. (collectively "Marriott Defendants") filed a Third Party Complaint against Rybka, Smith & Ginsler Limited ("RSG") and Pool Innovations, Inc. On May 12, 2005, the Court dismissed Sta-Rite Industries LLC from the suit based on Plaintiffs' Rule 41(a) Stipulation of Voluntary Dismissal. And on September 14, 2005, the Court granted Third-Party Defendant Pool Innovations, Inc.'s Motion to Dismiss.

On September 2, 2005, the Marriott Defendants filed a Motion for Leave to Designate Responsible Third Parties. In their motion, the Marriott Defendants seek to designate RSG, Pool Innovations, Inc., Taco Canada Ltd. ("Taco Canada") and Canadian General Electric Company, Ltd. ("Canada GE") as responsible third parties pursuant to section 33.004 of the Texas Civil Practice & Remedies Code.

**Legal Standard**

The present action was removed to this Court under 28 U.S.C. § 1441.  This Court has original jurisdiction over civil cases in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.  *See* 28 U.S.C. § 1332(a)(3).  "Federal courts apply state substantive law in diversity jurisdiction cases, but apply federal procedural law."  *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) (citing *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003)).  *See also Times-Picayune Publ'g Corp. v. Zurich Am. Ins. Co.*, 421 F.3d 328 (5th Cir. 2005) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) for the proposition that federal courts sitting in diversity should apply substantive state law and federal procedural law).  The *Erie* doctrine does not affect the application of the Federal Rules of Civil Procedure in federal court.  *Ayers v. Thompson*, 358 F.3d 356, 376 (5th Cir. 2004) (citing *Hanna v. Plumer*, 380 U.S. 460, 470, 14 L.Ed.2d 8, 85 S.Ct. 1136 (1965)).  Rule 1 of the Federal Rules of Civil Procedure states that "[t]hese rules govern the procedure in the United States district court in all suits of a civil nature . . . ."  Federal Rule of Civil Procedure 14(a) governs when a defendant may join a responsible third party to an action.

**Discussion**

Through their Motion for Leave to Designate Responsible Third Parties, Defendants seek to avail themselves of Texas Civil Practice & Remedies Code section 33.004, a Texas statute by which defendants may bring third parties into a lawsuit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon Supp. 2004-05).  This case is before the Court on the basis of diversity of

citizenship jurisdiction. Under the *Erie* doctrine, this Court must apply the substantive law of the State of Texas; however, the *Erie* doctrine does not affect a federal court's application of the Federal Rules of Civil Procedure in cases before it.

Here, the Court must determine whether Texas Civil Practice & Remedies Code section 33.004 is substantive or procedural in nature. Defendants argue that section 33.004 is substantive in nature and reflects recent changes in Texas proportionate responsibility law. Plaintiffs argue that section 33.004 is procedural in nature and therefore Rule 14(a) of the Federal Rules of Civil Procedure governs. The Court agrees with Plaintiffs.

Subsection (a) of section 33.004 states that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party," and subsection (e) provides that "[i]f a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations . . . ." TEX. CIV. PRAC. & REM. CODE § 33.004 (a) and (e). It is important to note that section 33.004 "does not establish a cause of action or a right to recovery." *Whitney Nat'l Bank v. Karam, et al.*, No. H-02-2250, 2004 U.S. Dist. LEXIS 8244, at *8 (S.D. Tex. Feb. 18, 2004). Rather, this statute sets out a procedure for impleading third parties to pending litigation, and that procedure is inconsistent with Federal Rule of Civil Procedure 14(a). Rule 14(a) governs when a defendant may bring in a third party to an existing action. And, in fact, the Marriott Defendants have availed themselves of this rule by filing their Third Party Complaint against RSG and Pool Innovations, Inc. on February 22, 2005.[1] The Court further notes that Defendants selected this forum and elected to

---

[1] RSG is currently a Third-Party Defendant in this case.

be governed by the Federal Rules of Civil Procedure when they removed the case to this Court on July 20, 2004. The Court will not allow Marriott Defendants to now circumvent the Federal Rules of Civil Procedure by attempting to avail themselves of a conflicting state procedural statute. Accordingly, Defendants' Motion for Leave to Designate Responsible Third Parties should be Denied.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Leave to Designate Responsible Third Parties should be Denied.

It is so ORDERED.

**SIGNED this 12th day of October, 2005.**

_____
PAUL BROWN
SENIOR UNITED STATES DISTRICT JUDGE